# Exhibit A

68CI5632

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT

2008 MAY 27 P 2: 02

CLERK 1

BY_____

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
Kentucky Home Life Building
Louisville, KY   40202

08 a 005632

2. Article Number
(Transfer from service label)

7007 1490 0000 2952 4202

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    ☐ Agent
     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

CT Corporation System

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAY 2 2 2008

MATTHEW REDFIELD

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

No. .

**08 CI 005632**

JEFFERSON CIRCUIT COURT

DIVISION _____

HON. _____

DARRELL S. CURRENT
119 Waterstone Way
Louisville, KY 40205

PLAINTIFF



v.

**VERIFIED COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF**

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
10350 Ormsby Park Place
Louisville, Kentucky 40223

DEFENDANTS

SERVE:  C.T. Corporation System
Kentucky Home Life Bldg.
Louisville, KY 40202

and

THOMAS HIRSCH
Oxmoor Place
101 Bullitt Lane
Suite 400
Louisville, Kentucky 40222

\*\* \*\* \*\* \*\*

Plaintiff, Darrell S. Current (hereafter "Current") for his Complaint against the

Defendants, Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereafter "Merrill Lynch") and

Thomas Hirsch (hereafter "Hirsch") states as follows:

## I. INTRODUCTION

1.      This is an action arising out of the Defendants' refusal to perform their

fraudulently made promises to Current regarding the repayment of a promissory note,

payments to replace UBS' deferred compensation that Current would lose by leaving UBS,

and the transfer to Current of certain Merrill Lynch stock. In addition, this is an action for

damages caused by various Merrill Lynch employees who made defamatory statements



about Current to his clients. Compensatory damages, punitive damages and declaratory relief are sought.

## II. PARTIES

2.      Current is a resident and citizen of Kentucky.

3.      Merrill Lynch, Pierce, Fenner & Smith, Inc. is incorporated in Delaware with its principal place of business in New York.

4.      Hirsch is a resident and citizen of Kentucky. At all times relevant hereto, Hirsch was acting within the scope of his authority as the agent servant and/or employee of Merrill Lynch. Hirsch served as the Manager of Merrill Lynch's local offices.

## III. FACTUAL BACKGROUND

5.      Relying on various financial incentives, Current, a UBS investment broker for 12 years, was induced by Merrill Lynch through Hirsch to leave UBS to work for Merrill Lynch on January 11, 2008. With the presumption that the verbal promises were honest and accurate, Current resigned from UBS to join Merrill Lynch.

6.      These promises included the payment of $886,000 by Merrill Lynch to Current, the payment of $410,000 by Merrill Lynch to Current to replace UBS' deferred compensation that Current would lose by leaving UBS, and the transfer of $480,000.00 worth of Merrill Lynch stock by Merrill Lynch to Current.

7.      Prior to his resignation at UBS, Current advised Louisville Merrill Lynch's Manager, Hirsch, that he had changed 10 to 15 client contact phone numbers on his computer at UBS, but that the remainder of the numbers on his computer remained accurate. In addition, UBS's main computer kept track of every investment brokers' clients' phone numbers including the actual phone numbers of Current's clients.

8.      Acknowledging Current's statements, Hirsch advised Current not to change any other contact information, to tender his resignation, and to immediately start work at

2

Merrill Lynch. Hirsch on behalf of Merrill Lynch waived any future objection to Current's phone number alterations by offering Current the Merrill Lynch job and by continuing to acquiesce in Current's employment by Merrill Lynch.

9.    After disclosing this information to Hirsch, Current complied with his requests and resigned from UBS.

10.    On January 11, 2008, Current signed an agreement with, and began his employment at Merrill Lynch.

11.    Due to Hirsch's fraudulent inducements, Current remained unaware of the substantial incongruence between the initial agreement with Hirsch and the agreement with Merrill Lynch dated January 11.    Once Current joined Merrill Lynch, he discovered a significant financial discrepancy between what he was fraudulently promised and what he actually was to receive.

12.    In the previous oral agreement with Hirsch, Current was never notified that UBS could demand full payment of the promissory note at any time.

13.    Current never received Merrill Lynch's payment of $410,000 to replace UBS' deferred compensation to Current which was promised by Hirsch.

14.    Current never received the $480,000 worth of Merrill Lynch stock as promised by Mr. Hirsch, or even a statement showing where it was.

15.    Weeks after his employment, Merrill Lynch suggested that Current was not being frank about his alteration of the phone numbers while at UBS and began its own investigation with the intent to terminate Current's employment while keeping all his clients.

16.    Current resigned his employment with Merrill Lynch on March 27, 2008 when it became apparent he was going to be terminated as was signaled by a telephone call by Hirsch.

3

17.    Once Current resigned, Merrill Lynch demanded full repayment of the $886,000, even though the promissory note signed by Current contains no acceleration clause.

18.    Merrill Lynch's written agreements varied substantially from the verbal agreement with Current. Current relied on the statements and representations as being honest when he resigned from UBS and began working for Merrill Lynch. Merrill Lynch's promises were an indispensable and essential part of his agreement and his decision to leave UBS. The initial agreement provided incentives for Current that Merrill Lynch failed to provide, constituting a material breach of Merrill Lynch's commitments and obligations.

19.    After Current left his employment with Merrill Lynch, he discovered that various Merrill Lynch investment brokers who were agents, servants and/or employees of Merrill Lynch acting within the scope of their authority, have made defamatory comments about him.  Specifically, in an effort to steal his clients, certain Merrill Lynch employees have alleged Current had mental health problems and may have gotten out of the business. Merrill Lynch also misled Current's clients into believing he was no longer a stock broker. Because of these defamatory statements, Current has lost a significant number of clients.

## CLAIMS

### Count I

### Breach of Contract

20.    Restates the allegations contained in Paragraphs 1-19.

21.    Defendants violated their verbal commitments, their duties of good good faith and fair dealing, and other duties imposed on them by law.

22.    As a result, Current has been damaged in a substantial amount in excess of the court's jurisdictional minimum.

4

## Count II

### Fraudulent Inducement

23.    Restates the allegations contained in Paragraph 1-22.

24.    Defendants fraudulently induced Current to quit his employment with UBS and to join Merrill Lynch.

25.    As a result, Current has been damaged in a substantial amount in excess of the court's jurisdictional minimum.

26.    Because the actions of Defendants were carried out willfully, wantonly, and maliciously, Current is entitled to punitive damages in excess of this Court's jurisdictional minimum.

## Count III

### Defamation

27.    Restates the allegations contained in Paragraph 1-26.

28.    The actions of Defendants constitute defamation.

29.    As a result, Current has been damaged in a substantial amount in excess of the court's jurisdictional minimum.

30.    Because the actions of Defendants were carried out willfully, wantonly, and maliciously, Current is entitled to punitive damages in excess of this jurisdictional minimum.

## Count IV

### Declaration of Rights

31.    Restates the allegations contained in Paragraph 1-30.

32.    Current is entitled to a declaration of the rights of the parties, including but not limited to Merrill Lynch's right to demand immediate full payment of the promissory note and the right to enforce the various agreements and promises of Merrill Lynch.

5

WHEREFORE, Plaintiff, Darrell S. Current demands as follows:

1. A judgment against the Defendants, Merrill Lynch, Pierce, Fenner & Smith, Inc. and Thomas Hirsch  and  Merrill Lynch, in a substantial amount of compensatory and punitive damages, in excess of this court's jurisdictional minimum;

2. A declaration of the parties' rights under the various agreements and promises of Merrill Lynch;

3. A trial by jury on all issues so triable; and

4. His costs herein expended and all other relief to which he may appear entitled.

Donald L. Cox
Scott D. Spiegel
Lynch, Cox, Gilman & Mahan, P.S.C.
500 West Jefferson St., Ste. 2100
Louisville, KY 40202
Telephone: (502) 589-4215
Facsimile: (502) 589-4994
*Counsel for Plaintiff*

6

Case 3:08-cv-00324-CRS    Document 4-3    Filed 06/20/08    Page 9 of 11 PageID #: 18

## VERIFICATION

The Allegations contained herein are true and accurate to the best extent of my knowledge and belief, on this the _____ day of May, 2008.

_____
Darrell S. Current


COMMONWEALTH OF KENTUCKY )
                                                    )  ss:
COUNTY OF JEFFERSON            )


Subscribed, sworn to and acknowledged before me this _21^st_ day of _May_____, 2008, by Darrell S. Current.

My Commission expires: _August 4, 2010_


_____
Notary Public, State-at-Large, Kentucky

7

# JEFFERSON County
## Random Judge Assignment Report

**Court:** | Circuit Court

**Requestor:** | KATI     **Reference/Case Number:** | 08-ci-005632

**This Case has been Assigned to:** | 4 | **Division**

Judge Charles L. Cunningham | 630297

**Control Date/Time:** | 05/22/2008  11:44:33AM

**Date Printed:** 05/22/2008          **Time Printed:** 11:44:42AM          **Page:** 1

**Commonwealth of Kentucky**
**Jefferson County**
**David Nicholson**
**Circuit Court Clerk**

Receipt Number: 09-0043492-A
DATE: 05/22/2008
TIME: 11:46 AM

\*\*\* (I1) CIRCUIT CIVIL-FILING WITH ATTORNEY TAX FEES \*\*\*
CASE NO: 08-CI-005632

RECEIVED FROM: LYNCH
ACCOUNT OF: CURRENT VS MERRILL

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 80.00 |
| 2. | ATJ Fee (1) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 10.00 |
| 4. | Library Fee (L) | 3.00 |
| 5. | Atty Tax Fee MCFO(K(Q)) | 5.00 |
| 6. | Jury Demand/12 CS(W(M)) | 30.00 |

TOTAL:           $148.00

CHECK:           $148.00

\*\*\*DIFF           0.00

\*\*\* Check Number: 87290

Prepared By: k. blasi
\*\* MCFO=Money Collected for Others
\*\* CS=Charge for Services
Filing (KYCOURTS)                                    Page 1 of