UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DARRELL S. CURRENT                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:08CV-324-S

MERRILL LYNCH, PIERCE, FENNER & SMITH INC., et al.         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

       This matter is before the court on motion of the plaintiff, Darrell S. Current, to remand this action to the Jefferson County, Kentucky, Circuit Court, Division Four.

       The action was filed in state court on May 22, 2008 alleging breach of contract, fraudulent inducement and defamation in connection with his leaving employment with UBS Financial Services, Inc. and going to work for its competitor, Merrill Lynch, Pierce, Fenner & Smith Inc. Current alleges that he was fraudulently induced by Merrill Lynch through Thomas Hirsch, its Manager of the local offices, to leave his employment with UBS, with the promise of certain compensation which was then not included in his written employment contract. Current alleges that he did not receive certain benefits which were orally promised to him. He claims that there were certain terms relating to the benefits which he did receive of which he was unaware. Further, he claims that after his resignation from his employment with Merrill Lynch, various Merrill Lynch investment brokers made defamatory comments about him.

       The action was removed to this court on diversity grounds, Merrill Lynch contending that Hirsch was fraudulently joined to defeat diversity jurisdiction. Hirsch filed a motion to dismiss the action as to him, and the defendants filed a motion to compel arbitration. In their motion to compel

- 2 -

arbitration they state that "[a]s a registered representative and an associated person with FINRA,[1] Current executed a Uniform Application for Securities Industry Registration ("Form U-4") as a condition of his employment with Merrill Lynch by which he expressly agreed to submit 'all disputes arising out of [his employment]' to securities industry arbitrators." Motion to Compel, p. 1. Current has not filed responses to either of these motions. Rather, he filed a motion to stay his responses pending resolution of the motion to remand.

Disposition of the motion to remand turns on our determination whether Current has stated a colorable claim against Hirsch, the non-diverse defendant. Merrill Lynch contends that Current has not stated a colorable claim. Therefore, it urges that Hirsch should be found to have been fraudulently joined and his citizenship thus disregarded. Merrill Lynch urges that removal was proper and that the matter should be compelled to arbitration.[2] In reply, Current states that "Defendants seem to treat their Response as a motion to dismiss..." Reply, p. 1. However, as the court must determine whether any colorable claim has been stated against Hirsch, Merrill Lynch's opposition to the motion to remand (DN 15) and its motion to dismiss (DN 8) appear to travel hand-in-hand. While no formal response to the motion to dismiss has been filed, the issue of whether a colorable claim has been stated has been fully briefed by Current in its motion to remand and its reply.[3]

The burden rests with Merrill Lynch to establish federal jurisdiction. *Brewer Machine & Conveyor Mfg. Co., Inc. v. Old National Bank*, 248 F.R.D. 478 (W.D.Ky. 2008). The court must remand a case if a "colorable basis exists for predicting that a plaintiff may recover against non-

---

[1] Financial Industry Regulatory Authority.

[2] We note that FINRA denied Current's motion to stay proceedings on the claim against him filed by Merrill Lynch.

[3] Under Fed.R.Civ.P. 12(b)(6), a complaint should be dismissed only when it is apparent from the face of the complaint that under no plausible facts may relief be granted. *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002), *quoting, Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984). As with our analysis on remand, all allegations of the complaint must be taken as true.

diverse defendants under state law." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The court must resolve "all disputed questions of fact and ambiguities in the controlling...state law in favor of the non-removing party. *Id.*

## I. Individual Liability

Current contends that Kentucky law permits individual liability against Hirsch because, under the authority of *Brewer*, *supra.*, "an employee can owe a duty to third parties that arises from and is dependent upon [her] particular position for the employer." 248 F.R.D. at 481, *quoting Conn v. Markwest Hydrocarbon, Inc.*, 2006 WL 782728, (E.D.Ky. 2006). In *Brewer,* however, the non-diverse defendant was sued in both her official and individual capacity. *See, Brewer,* at p. 480 ("the Complaint identifies Peggy Williams as a defendant, 'in her official and individual capacity.'") By contrast, Hirsch is alleged "[a]t all times relevant hereto," to have been "acting within the scope of his authority as the agent servant and/or employee of Merrill Lynch." Complaint, ¶ 4. The complaint, as framed at the time of removal, did not purport to sue Hirsch in any capacity other than as the agent of Merrill Lynch. Therefore, we need not be concerned with the question of whether Kentucky law recognizes causes of action for individual liability for tortious conduct of employees or agents. A review of each individual claim yields no different result.

## II. The Claims

In an attempt to obtain remand, Current claims that under any one or all of the three theories of liability pled, that he has stated a colorable claim against Hirsch individually. The court finds this contention to be without merit.

### A. Fraud in the Inducement and Breach of Contract

The factual allegations of the complaint which form the basis for the claims for fraudulent inducement and breach of contract specifically describe conduct of Hirsch as agent of Merrill Lynch which is alleged to bind Merrill Lynch to certain commitments to Current:

      5. Relying on various financial incentives, Current...was induced by Merrill Lynch through Hirsch to leave UBS...

      8. ...Hirsch advised Current not to change any other contact information, to tender his resignation, and to immediately start work at Merrill Lynch. Hirsch on behalf of Merrill Lynch waived any future objection to Current's phone number alterations...

      13. Current never received Merrill Lynch's payment of $410, 000 to replace UBS' deferred compensation to Current which was promised by Hirsch.

      14. Current never received the $480,000 worth of Merrill Lynch stock as promised by Mr. Hirsch...

      18. ...Merrill Lynch's promises were an indispensible and essential part of his agreement and his decision to leave UBS...

Complaint, *passim*.

Current argues that a claim may be stated under Kentucky law for fraudulent inducement by an agent where the acts of the agent fraudulently induce the other party to enter into a contract with the principal. While such a claim may be viable in certain circumstances, no such claim has been pled here. Beyond the fact that there is nothing in the complaint to allege individual liability on the part of Hirsch, the complaint states that the inducement was by Merrill Lynch through Hirsch. Complaint, ¶ 5. Current alleges that Hirsch waived, on behalf of Merrill Lynch, any objection to certain acts of Current[4] prior to his resignation from UBS. ¶ 8.

The complaint alleges that Current never received Merrill Lynch's payment to replace UBS' deferred compensation nor $480,000 worth of stock. The complaint alleges that this was a breach of an oral agreement. Again, the complaint frames the claim as financial incentives by Merrill Lynch through Hirsch. ¶ 5. While Current argues in his brief that if Hirsch acted beyond his power, a claim could be stated for individual liability against him, there is no allegation in the complaint

---

[4] Apparently, Current was accused by UBS and Merrill Lynch of wrongful conduct when Current altered phone numbers of his clients in the files of UBS prior to his resignation. His allegation in ¶ 8 seeks to bind Merrill Lynch, through Hirsch, and preclude any objection to this conduct. It appears that Current's resignation from his employment with Merrill Lynch was prompted by a disciplinary investigation by Merrill Lynch and a FINRA investigation.

that Hirsch did in fact act beyond his authority. Rather, the complaint seeks recovery under an oral agreement which was allegedly negotiated by Hirsch. Despite the fact that upon commencing his employment with Merrill Lynch, Current signed a written contract, he seeks enforcement of this purported orally negotiated contract. These terms which Current urges were breached by Merrill Lynch are not contained in the written agreement. Count I specifically references violation of "their verbal commitments." Complaint, ¶ 21. There is simply nothing in the complaint upon which to anchor a claim for individual liability against Hirsch for fraudulent inducement or breach of contract.

In ¶¶ 11, 12 of the complaint Current alleges that:

11. Due to Hirsch's fraudulent inducements, Current remained unaware of the substantial incongruence between the initial agreement with Hirsch and the agreement with Merrill Lynch dated January 11. Once Current joined Merrill Lynch, he discovered a significant financial discrepancy between what he was fraudulently promised and what he actually was to receive.

12. In the previous oral agreement with Hirsch, Current was never notified that UBS[5] could demand full payment of the promissory note at any time.

These paragraphs appear to suggest that due to the alleged oral promises, which ¶ 5 states were the promises of Merrill Lynch, Current was somehow "unaware" of the "substantial incongruence" between these purported promised terms and the terms in the written contract which he signed on January 11th. It is further suggested that in the "previous oral agreement," Current was not told by Hirsch that Merrill Lynch could demand full payment of the promissory note. Whatever these paragraphs appear to suggest, they certainly do not state a claim for individual liability against Hirsch.

---

[5] It appears that this should be "Merrill Lynch" could demand full payment of the promissory note. Merrill Lynch seeks repayment from Current of $886,830 which Merrill Lynch loaned to him and to which he was apparently entitled, pursuant to the written contract, during his period of employment.

We conclude that no colorable claim for individual liability has been stated against Hirsch in either Count I alleging breach of contract or Count II alleging fraudulent inducement.

### B.  Defamation

The complaint fails to state a claim for defamation as against Hirsch.  The defamation claim is based on the following paragraph:

> 19.  After Current left his employment with Merrill Lynch, he discovered that *various Merrill Lynch investment brokers who were agents, servants and/or employees of Merrill Lynch acting within the scope of their authority*, have made defamatory comments about him.  Specifically, in an effort to steal his clients, certain Merrill Lynch employees have alleged Current had mental health problems and may have gotten out of the business.  *Merrill Lynch* also misled Current's clients into believing he was no longer a stock broker.  Because of these defamatory statements, Current has lost a significant number of clients.

At the beginning of the complaint, Current alleges that Hirsch "[a]t all times relevant hereto...was acting within the scope of his authority as the agent servant and/or employee of Merrill Lynch.  Hirsch served as the Manager of Merrill Lynch's local offices."  Complaint, ¶ 4.  On its face, therefore, Hirsch is not identified as a defamer in this allegation.  In paragraph 4, Current alleges that Hirsch served as the Manager of Merrill Lynch's local offices.  This claim states that "various investment brokers" allegedly defamed Current.  In his brief seeking remand, Current states that "[t]he complaint alleges that Hirsch defamed Current in an effort to steal his client base."  Motion to Remand, p. 7.  However, the allegations of the complaint do not bear this statement out.  There is simply no reference to Hirsch as a defamer nor any indication that he was other than the Manager of the Merrill Lynch offices.  Taking the allegations of the complaint as true, but rejecting Current's attempt to embroider the claim through the briefing process, we find that the complaint fails to state a claim for defamation as against Hirsch.

Further the claim states that these brokers were acting within the scope of their authority when they made the purported offending comments, in an effort to steal Current's clients. Further on in the paragraph, it is stated that *Merrill Lynch* misled Current's clients into believing that Current was no longer a broker. We reiterate again that despite Current's argument that employees can be held individually liable for defaming third parties, no such allegation exists in this complaint. There is no individual liability alleged against Hirsch and the "investment brokers" referenced in ¶ 19 are not parties to this lawsuit.

The arguments for dismissal under Fed.R.Civ.P. 12(b)(6) made by Merrill Lynch in its motion to dismiss are identical to the arguments made in response to the motion to remand - that no claim has been stated for individual liability against Hirsch. The court having considered the arguments of Current and determined that the complaint as framed at the time of removal failed to allege even a "colorable claim" against Hirsch, finds that the complaint likewise fails to state a claim upon which relief may be granted and the action must be dismissed as to him.

For the reasons stated hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Darrell S. Current, to remand this action to state court (DN 10) is **DENIED,** the motion of the defendant, Thomas Hirsch, to dismiss (DN 8) is **GRANTED,** and the action is **DISMISSED AS TO THE DEFENDANT, THOMAS HIRSCH.**

**IT IS FURTHER ORDERED** that the motion to expedite the court's ruling on the pending motion to remand (DN 20) is **GRANTED**, the motion to stay responses to pending motions (DN 11) is **DENIED AS MOOT**, and the plaintiff, Darrell S. Current, shall file his response to the motion to compel arbitration **WITHIN SEVEN (7) DAYS FROM THE DATE OF ENTRY OF THIS ORDER**. The defendant, Merrill Lynch, Pierce, Fenner & Smith Inc., shall file its reply **WITHIN FIVE DAYS FROM THE SERVICE OF THE PLAINTIFF'S RESPONSE**, or it may waive

reply by filing a notice in the record. The court will then take the motion to compel under submission on an expedited basis.

**IT IS SO ORDERED.**